IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| ANGELA DORNBROOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:11-cv-0319-DGK |
| | ) | |
| GATEHOUSE MEDIA MISSOURI | ) | |
| HOLDINGS II, INC. and | ) | |
| GATEHOUSE MEDIA, INC. | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case arises out of Plaintiff Angela Dornbrook's employment with Defendants. Defendants claim they terminated Plaintiff as part of a reduction in workforce; Plaintiff alleges Defendants discharged her in violation of 29 U.S.C. § 2615(a)(2) for exercising her rights under the Family Medical Leave Act. This case is currently set for trial beginning May 21, 2012.

Now before the Court is Defendants' Motion to Dismiss for Failure to Prosecute (doc. 12). Defendants argue Plaintiff has done nothing to prosecute the case since filing the original Petition: Plaintiff has not made her Rule 26 disclosures, has not participated in mandatory mediation, has not engaged in any discovery, and has not even made a formal settlement demand. Defendants contend they will be severely prejudiced if this case proceeds to trial on May 21 because they have no idea what Plaintiff's witnesses will say or what Plaintiff is claiming as damages.[1] Defendants ask the Court to dismiss this case with prejudice under Rule 41(b).

---

[1] Defendants state they did little work on the case because their early assessment of the case was that it was a nuisance lawsuit, and Plaintiff's failure to prosecute it was consistent with this assessment, thus they felt no need to engage in discovery.

In response, Plaintiff concedes she failed to make her Rule 26 disclosures or participate in mandatory mediation, but argues Defendants are equally culpable and should not be allowed to complain. Plaintiff contends the motion should be denied because she has "chosen a minimalist route in preparing this case" and is now actively preparing for trial.

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." In deciding whether to grant such a motion, the court balances the need manage its docket, the public interest in timely resolution of litigation, and the risk of prejudice to defendants against the policy favoring disposition on the merits. *Boyle v. American Auto Service, Inc.*, 571 F.3d 734, 738 (8th Cir. 2009). A Rule 41(b) dismissal may be either with prejudice or without prejudice, but the Eighth Circuit has stressed that "dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." *Smith v. Gold Dust Casino*, 526 F.3d 402, 405 (8th Cir. 2008) (internal quotation omitted). Finally, Rule 41(d) provides that if a plaintiff re-files an action that has previously been dismissed against the same defendant, the court "may order the plaintiff to pay all or part of the costs of that previous action."

Under the facts and circumstances here, the Court holds dismissal without prejudice is appropriate. In weighing the relevant factors, the Court notes many cases such as this one are settled during the mandatory mediation or early stages of discovery, after the parties have exchanged Rule 26 disclosures. Thus, Plaintiff's failure to participate in mediation or comply with Rule 26 effectively deprived this case of an opportunity to settle. This, in turn, hindered the Court's ability to manage its docket and deprived the public of the potential for a quick resolution to this litigation. Indeed, Plaintiff's failure to make her Rule 26 disclosures almost

guaranteed that this litigation will be drawn out, because now the Court is in a position where if it does not delay the trial, Defendants will be substantially prejudiced. They will be prejudiced because Plaintiff's failure to make her Rule 26 disclosures deprived them of a meaningful opportunity to engage in discovery. With respect to the final factor, the Court finds that by dismissing this case without prejudice the Plaintiff will not be precluded from pursuing this claim in the future, thus it can still be resolved on the merits.

The Court rejects Plaintiff's suggestion that Defendant is responsible for the delay here because it "slow played" its hand by not complaining earlier. Plaintiff chose to bring this lawsuit, not Defendants, and it is her responsibility to prosecute it. While the Court would have preferred Defendants bringing Plaintiff's inaction to the Court's attention earlier, the Defendants were under no obligation to do so.[2]

The Court cannot justify dismissing this case with prejudice because it appears Plaintiff's failure to participate in mandatory mediation and make her Rule 26 disclosures was more a product of benign neglect than willful disobedience. If the Court had been aware of Plaintiff's failure to comply with the rules earlier, it could have reminded Plaintiff of her obligations and put her on notice that she was risking dismissal with prejudice. Since the Court did not, however, the Court cannot say Plaintiff's failure to prosecute this case was sufficiently willful or persistent to merit dismissal with prejudice. Additionally, a heavy sanction is unnecessary here because if Plaintiff chooses to re-file this lawsuit the Court has the power to order her to pay all or part of the costs of the previous action, or to order her to post a bond to cover costs in the new action. This should be enough to deter Plaintiff from dilatory prosecution of her claim in the future.

---

[2] Of course, by failing to bring the Court's attention to this problem earlier, Defendants ran the risk that the Court might deny their motion to dismiss and force them to proceed to trial without the benefit of any discovery.

Defendants' motion is GRANTED IN PART. This lawsuit is dismissed without prejudice.

**IT IS SO ORDERED.**

Dated: May 9, 2012         /s/ Greg Kays
                           GREG KAYS,
                           UNITED STATES DISTRICT JUDGE